FILED
APR 13 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DANNY HAMILTON,<br><br>　　　　Defendant. | No. CR 08-0395 (BZ)<br><br>**ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING** |

　　　On April 10, 2012, a hearing was held on the government's motion to detain defendant pending his supervised release violation hearing. Defendant was present with counsel, Assistant Federal Public Defender Edward Smock. The government was represented by Assistant United States Attorney Joshua Hill. Probation Officer Insa Amina Bel'Ochi was also present.

　　　On February 7, 2012, defendant's probation officer filed a petition alleging that defendant, on a number of occasions, violated the conditions of his supervised release. The allegations include that he violated special conditions numbers one, two, and six of his supervised release by failing

1

to observe the rules of his Residential Reentry Center, Geo Care, Inc., and receiving thirteen incident reports before he was terminated by Geo Care; failing to report to his probation officer; failing to make any payments toward his restitution; failing to submit monthly supervision reports for November 2011, December 2011, and January 2012; and failing to notify his probation officer at least 10 days prior to a change in address. The Duty Judge found probable cause and issued a no bail warrant for defendant's arrest.

Because the defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143. Having considered the proffers by the parties and the probation officer, and the arguments of counsel, I find that the defendant has not established by clear and convincing evidence that he is not a risk of flight nor a danger to the community.

Mr. Hamilton was sentenced to three years of probation on January 9, 2009 for theft of government property. He has had a series of problems while on probation, including drug use, failure to attend drug counseling, and failure to pay restitution. Ultimately, on September 1, 2011, this Court found that Mr. Hamilton had violated his probation and sentenced him to 21 days in custody followed by one year of supervised release.

Mr. Hamilton is now charged with violating special conditions numbers one, two, and six of his supervised

release. In addition, Mr. Hamilton's probation officer, who has been working with him for at least three years, proffered her belief that Mr. Hamilton wants to continue to use prescription and street drugs and is not motivated to do anything to change his life.

Defendant does not have a history of violence and does not appear to present a danger to the community. He has however failed to persuade me by clear and convincing evidence that he is not a risk of flight, and will make his court appearances, or that he is amenable to supervision, given his numerous prior probation violations and the difficulties he has had on release.

Therefore, pursuant to 18 U.S.C. § 3143(a), **IT IS ORDERED** that:

    (1)    defendant, Danny Hamilton, be, and hereby is, committed to the custody of the Attorney General for confinement in a suitable facility where he shall be afforded reasonable opportunity for private consultation with his counsel; and

///
///
///

(2) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: April 13, 2012

Bernard Zimmerman
United States Magistrate Judge

N:\criminal law research and memos\HAMILTON 08.0395 DETENTION ORDER.wpd